[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This case involves a homeowner's claim against the defendant contractor arising from repairs and renovations to the plaintiff's home after a fire. The plaintiff claims that the defendant violated the Home Improvement Act and the Connecticut Unfair Trade Practices Act. The plaintiff further claims that the work performed was defective in many respects.
After a full bench trial on the merits, and upon resolving issues of credibility, the court finds the facts to be as follows. In March 1990, the family room of the plaintiff's home was severely damaged by a fire originating in a wood-burning stove. Immediately after the fire, the plaintiff asked the defendant, who was his sister-in-law's brother, to come and secure the house against weather damage. The plaintiff then asked the defendant for an estimate of the cost to repair the damage to all rooms of the house he claimed were affected by the fire. The defendant complied, providing a detailed written estimate with a total cost of CT Page 6779 $56,269.00. The court finds that the plaintiff required the defendant to agree to give him a "rebate" in the amount of $7,000. from the amount stated in the estimate. While the plaintiff claims lack of memory as to the rebate, the court finds on the basis of the defendant's testimony that the plaintiff and the defendant knew that although the insurer would probably regard the $56,000. estimate as reasonable, the defendant could do the work for less, and at the very least the plaintiff was exacting a share of the defendant's profit as a condition of having him perform the work.
The defendant performed renovations in seven rooms of the plaintiff's home between April and October 1990.
Carpeting reflected in the written estimate was omitted from the work, and the defendant requested payment of a bill in the amount of $47,380.49, including $971.49 of extra work requested by the plaintiff but not enumerated in a prior written agreement. The plaintiff paid the defendant $40,000.00.
After the defendant requested payment of the full amount of his bill, the plaintiff found fault with his work and refused to allow the defendant to correct it.
Claims of Defective Workmanship
The plaintiff enumerated nine claimed instances of defective work and presented the testimony of industrial arts teacher and part time builder Judson Bolles as to the claimed defects and cost to remedy them. On cross examination, Mr. Bolles acknowledged that he was a client of plaintiff's counsel and that the prices he quoted for corrective work were based on hourly rates commensurate with the billing rates of lawyers for performing legal services. Mr. Bolles testified, however, that contractors are not generally compensated at the same rate as lawyers.
The court finds that while Mr. Bolles' testimony is in some respects credible as to the presence of defects, it is not credible as to the cost to repair, and on the basis of the probative testimony and inferences derived from them, the court finds that the plaintiff proved only the following defects. The court further finds the indicated costs for remedying them:
 1. shower stall $ 600.00 2. panelling $ 25.00 3. siding $ 500.00 4. kitchen cabinets $ 212.00 ---------- Total $ 1,337.00 CT Page 6780
The court finds that the other defects claimed by the plaintiff were either not proven by a preponderance of the evidence to have been proximately caused by the defendant or the cost of repair was not proven by credible evidence.
Home Improvement Act Claim
In the first count of his complaint, the plaintiff claims that the defendant violated the Home Improvement Act, General Statutes § 20-418 et. seq. in that the written contract did not include a starting date and a completion date.
The defendant concedes in his trial brief that the contract did not comply with the requirements of General Statutes § 20-429(a). The main sanction for failure to comply with the Home Improvement Act is that a noncomplying contract is unenforceable pursuant to § 20-429(b), except where the contractor has pleaded and proved a defense of bad faith. Habetz v. Condon, 224 Conn. 231
(1992).
The pleadings filed by the defendant include, as a special defense, a claim of unjust enrichment. In his trial brief, the defendant asks the court to treat his special defense as a counterclaim. He did not make any motion to amend, and the plaintiff was not made aware before the close of evidence that the defendant was asserting a counterclaim. The defendant did not allege bad faith in his special defense.
This court is constrained to decide this case on the pleadings that were actually filed and those pleadings remain unamended. The plaintiff has not alleged a counterclaim and did not make bad faith an issue by pleading relevant facts in a special defense.
Accordingly, the remaining issue is whether the plaintiff is entitled to any remedy for the violation of the Home Improvement Act other than the unenforceability of the contract. The statute itself does not provide for any except as to conduct that violates the Home Solicitation Sales Act, which is not claimed to be applicable in this case. Other courts, relying on dicta in BarrettBuilders v. Miller, 215 Conn. 316 (1990), have reached the conclusion that the Home Improvement Act provides a shield but not CT Page 6781 a sword. McClain v. Byers, 1 Conn. Ops. 562 (Hauser, J., 1995);Thompson v. Brevetti, 9 Conn. L. Rptr. 243 (Pellegrino, J. 1993). This court agrees, except to the extent that a violation of the Home Improvement Act may constitute a CUTPA violation.
CUTPA
The plaintiff further claims, in the second count of his complaint, that the defendant's failure to comply with the Home Improvement Act also constitutes a violation of the Connecticut Unfair Trade Practices Act, General Statutes § 42-110b et. seq.
General Statutes § 20-427(c) provides that a violation of the Home Improvement Act "shall be deemed an unfair or deceptive practice under subsection (a) of section 42-110b."
While proof of a violation of the Home Improvement Act thus establishes proof of an unfair trade practice, a party is eligible for remedies under that statute only if he proves that he has suffered a loss as a result of the unfair practice. A claimant who establishes a CUTPA violation may recover proven actual damages and, at the discretion of the court, punitive damages, equitable relief, costs and attorneys fees. General Statutes §§ 42-110g(a) and (d).
As to actual damages, the plaintiff has proven only the damages for the cost of remedying defective workmanship set forth above and has not proven that he was damaged in any way by the defendant's failure to include starting and completion dates in the contract. The court therefore finds no basis for a further award of compensatory damages. Rizzo Pool Co. v. Del Grosso, 232 Conn. 666,683-84 n. 28 (1995). The plaintiff presented no evidence before the close of evidence as to attorneys' fees incurred in pursuing the claim of violation of the Home Improvement Act.
The law is not much developed as to how the court's discretion is to be guided in deciding whether to grant punitive damages for proven CUTPA violations. This court finds that it would not be equitable to punish the defendant by the imposition of a further award when by operation of the Home Improvement Act he has already lost the ability to recover the claimed $7,000.00 unpaid balance due on the contract as well as the value of extra services in the amount of $971.40 set forth in his bill. The plaintiff has already gained the value of work for which he has not paid. CT Page 6782
This court therefore exercises its discretion not to award damages other than those enumerated above.
Conclusion
Judgment shall enter in favor of the plaintiff against the defendant, as to all counts of the complaint, in the amount of $1,337.00. The plaintiff shall recover his statutory court costs.
Beverly J. Hodgson Judge of the Superior Court